Filed 11/24/25  P. v. Hampton CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C099690 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF17-00011) |
| v. | OPINION ON TRANSFER |
| GARY GRANT HAMPTON, JR., | |
| Defendant and Appellant. | |

Defendant Gary Grant Hampton, Jr., was convicted in 2017 of multiple sexual offenses against his ex-wife.  The trial court sentenced defendant to prison for an aggregate term of 26 years and eight months, including the upper term on the principal count, five years for a prior serious felony enhancement, and three years for three prior prison term enhancements.

In 2021, this court affirmed his convictions but remanded the matter for the trial court to strike the prior prison term enhancements and reconsider the prior serious felony enhancement.  On remand, the trial court in 2021 struck the prior prison term enhancements and continued the matter.  In 2023, defendant argued he was entitled to resentencing under Penal Code section 1172.75 (statutory section citations that follow are

1

found in the Penal Code unless otherwise stated).  Later that year the trial court struck the prior serious felony enhancement but again imposed the upper term on the principal count, even though aggravating circumstance had not been proven pursuant to section 1170, subdivision (b).

In an unpublished opinion, we struck a $500 domestic violence fee imposed under section 1203.097 and affirmed the judgment as modified, reasoning that aggravating circumstances need not be proven beyond a reasonable doubt as required under section 1170, subdivision (b) during a section 1172.75 resentencing when the trial court originally imposed the upper term.  (*People v. Hampton* (June 23, 2025, C099690) [nonpub. opn.].)

The California Supreme Court subsequently granted review and transferred the matter back to us with directions to vacate our opinion and reconsider in light of *People v. Lopez* (2025) 17 Cal.5th 388 (*Lopez*).  By separate order, we vacated our decision.

In supplemental briefing after transfer, defendant agues the trial court erred in imposing the upper term on the principal count because no aggravating circumstance had been proven pursuant to section 1170, subdivision (d).  The People acknowledge that defendant's case is "not final for sentencing purposes," but asks us to affirm the judgment because *Lopez* "does not counter [our previous] holding" regarding section 1172.75.  We agree with defendant that the trial court erred and will remand the matter for resentencing.

## FACTS AND HISTORY OF THE PROCEEDINGS

In October 2017, a jury found defendant guilty of rape of a drugged victim (§ 261, subd. (a)(3)) and spousal abuse with a prior qualifying conviction (§ 273.5, subd. (f)(1)).  In bifurcated proceedings, the trial court found true that defendant had a prior strike (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)); a prior serious felony (former § 667, subd. (a)); and three prior prison terms (former § 667.5, subd. (b)).

The following month, the trial court sentenced defendant to state prison for an aggregate term of 26 years and eight months, as follows: 16 years for rape (the upper term of eight years doubled due to the strike), five years consecutive for the prior serious felony enhancement, three years consecutive (or one year each) for the three prior prison term enhancements, and two years and eight months consecutive (one-third the middle term of four years, doubled due to the strike) for the spousal abuse count. The court explained it was imposing the upper term due to the following aggravating factors: the crimes involved cruelty and viciousness, the victim was vulnerable due to domestic violence and her intoxication (which defendant induced), defendant exhibited violent conduct, defendant had numerous prior convictions, defendant had served prior prison terms, defendant was on post-release community supervision at the time of the crimes, and defendant's prior performance on all forms of supervision was unsatisfactory. (Cal. Rules of Court, rule 4.421(a)(1), (3), (b)(1), (2), (3), (4), (5) [rule citations that follow are found in the California Rules of Court unless otherwise stated].) The court also imposed various fines and fees, including a $500 domestic violence fee (§ 1203.097), a $250 domestic violence prevention program fee (§ 1463.27), and $1,200 in additional fees and fines.

On appeal, this court affirmed defendant's convictions but remanded the matter for the trial court to: (1) strike the prior prison term enhancements under Senate Bill No. 136 (2019-2020 Reg. Sess.) and (2) consider its new discretion to strike the prior serious felony enhancement under Senate Bill No. 1393 (2017-2018 Reg. Sess.). (*People v. Hampton* (Aug. 17, 2021, C086081) [nonpub. opn.].)

In December 2021, the trial court dismissed the prior prison term enhancements and continued the case to consider whether the prior serious felony enhancement should be dismissed. The Department of Corrections and Rehabilitation subsequently notified the trial court that defendant was eligible for resentencing under section 1172.75.

In its briefing, the prosecution asked the trial court to strike the (already dismissed) prior prison term enhancements but otherwise leave the sentence unchanged. Citing section 1170, subdivision (b), the prosecution argued the court could consider the aggravating circumstances of defendant's criminal history and prior prison terms.

In his briefing, defendant argued he was entitled to a "full re-sentencing" pursuant to section 1172.75 and *People v. Buycks* (2018) 5 Cal.5th 857. He asked the trial court to strike the prior prison term enhancements, strike the prior strike, strike the prior serious felony enhancement, and impose the lower term of three years on the principal count.

An October 2023 updated probation report listed the same aggravating circumstances that the trial court had relied on in originally sentencing defendant. (Rule 4.421(a)(1), (3), (b)(1), (2), (3), (4), & (5).) The report recommended striking the three (already stricken) prior prison term enhancements and declining to strike the prior serious felony enhancement. The report further recommended the middle term on the principal count, explaining that section 1170 now required the middle term unless defendant stipulated to aggravating factors or a trier of fact found them true beyond a reasonable doubt.

During the October 2023 sentencing hearing, the trial court struck the prior serious felony enhancement and sentenced defendant to prison for an aggregate term of 18 years and eight months, including the upper term on the principal count. The trial court's basis for imposing the upper term is unclear, as it gave various reasons throughout the course of the hearing. The court initially noted there had been changes to section 1170 and "how the Court can consider aggravating factors." The court then explained it was selecting the upper term "based upon the proof of the aggravating factors that were proven beyond a reasonable doubt" during the trial, including six "serious" felony convictions starting in 2004. Based on a certified RAP sheet, the court also found defendant's criminal history showed "serious and worsening type of criminal behavior over a period of time." In addition, defendant had been on supervised release when he

4

committed the current crimes and had "numerous" prior parole violations. However, the court subsequently stated it found "seven different" aggravating circumstances "relating to both the crime and the defendant." The prosecution subsequently argued the court could only consider four aggravating circumstances, namely that defendant had numerous prior convictions, had served a prior prison term, was on supervised release when the crime was committed, and had previously performed unsatisfactorily while on parole. The court responded that it believed it could also consider the victim's vulnerability since defendant had been convicted of rape of an intoxicated person. The prosecution said there was an "argument to be made for that," but asked the court to focus on the four aggravating circumstances proven by the certified RAP sheet. Ultimately, the court decided to impose the upper term because "the aggravating factors I've already pointed out and listed. . . on balance outweigh the mitigating factors."

The trial court found defendant was unable to pay non-mandatory fines and fees. It imposed a $300 restitution fine (§ 1202.4, subd. (b)) and a corresponding $300 parole revocation fine (suspended unless parole is revoked) (§ 1202.45). It further ordered all other previously imposed fines and fees to remain in place.

In July 2024, appellate counsel sent a letter to the trial court requesting it strike the fees imposed under sections 1203.097 and 1463.27, as well as the $1,200 in additional fines and fees. Defendant noted that each of these sections contain an ability-to-pay clause, and the trial court had found defendant unable to pay non-mandatory fines and fees. The following month, the trial court issued an amended abstract of judgment reflecting it had stricken the $250 section 1463.27 fee and the $1,200 in additional fines and fees. However, the $500 section 1203.097 fee remained. The abstract also listed multiple prior prison term enhancements with the notation that the punishment had been stricken for each enhancement, even though the instructions on the form state: "DO NOT LIST ENHANCEMENTS FULLY STRICKEN by the court."

5

Defendant timely appealed. After defendant filed his notice of appeal, in September 2025, the trial court issued an amended abstract of judgment that does not contain the $500 section 1203.097 fee. The abstract also does not list the stricken prior prison term enhancements.

## DISCUSSION

In *Lopez*, our Supreme Court held that a criminal judgment does not become final for purposes of *In re Estrada* (1965) 63 Cal.2d 740 when an appellate court affirms a conviction, but leaves sentencing issues pending before the trial court following remand. (*Lopez, supra*, 17 Cal.5th at p. 392.) During the resentencing on remand, "the benefits of supervening ameliorative legislation apply retroactively." (*Id.* at p. 393.)

Here, multiple relevant supervening ameliorative sentencing laws came into effect while defendant's case was on remand from this court for sentencing issues. At the time of defendant's original sentencing in 2017, former section 1170 left the selection of whether to impose the lower, middle, or upper term "within the sound discretion of the court" and instructed the court to "select the term which, in the court's discretion, best serves the interests of justice." (Former § 1170, subd. (b).) The sentencing court was permitted to consider the "record in the case, the probation officer's report, other reports . . . , and statements in aggravation or mitigation . . . , and any further evidence introduced at the sentencing hearing." (*Ibid.*)

As amended by Senate Bill No. 567 (2020-2021 Reg. Sess.), effective January 1, 2022, section 1170 now generally provides for midterm sentences and prohibits upper term sentencing unless the circumstances in aggravation are stipulated to by the defendant, proven to a fact finder beyond a reasonable doubt, or relate to a prior conviction that is established by a certified record of conviction. (§ 1170, subd. (b)(1)-(3); see also rule 4.421 [setting forth circumstances in aggravation that a court may consider in sentencing]; see also *People v. Wiley* (2025) 17 Cal.5th 1069, 1082 [absent

6

waiver or stipulation, aggravating factors such as the increasing seriousness of a defendant's prior convictions and unsatisfactory performance on probation must be found true beyond a reasonable doubt "before those facts can be used to justify an upper term sentence"].) In selecting an appropriate term, the trial court must set forth on the record the facts and reasons for choosing the sentence imposed. (§ 1170, subds. (b)(5), (c).)

Prior prison term enhancements have also changed since 2017. When defendant was originally sentenced, former section 667.5, subdivision (b) required a one-year enhancement for each prior prison term served for "any felony." (§ 667.5, former subd. (b).) Effective January 1, 2020, the Legislature amended section 667.5, subdivision (b) to only impose prior prison term enhancements on those who have previously served a sentence for certain sexually violent offenses. (Stats. 2019, ch. 590, § 1.)

Effective January 1, 2022, the Legislature added what is now section 1172.75 (subsequent references are to the current section), which generally invalidates sentence enhancements imposed under former section 667.5, subdivision (b), with some exceptions not relevant here. (§ 1172.75, subd. (a); Stats. 2021, ch. 728, § 3 [adding former § 1171.1]; Stats. 2022, ch. 58, § 12 [renumbering former § 1171.1 to § 1172.75].) Under section 1172.75, when presented with a person eligible for relief, a trial court shall "recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) The statute requires the court to apply the sentencing rules of the Judicial Council, as well as "any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) In addition, "[u]nless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1172.75, subd. (d)(4).)

In *Brannon-Thompson*, the defendant was originally sentenced in 2018 to the upper term. (*People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 462 (*Brannon-Thompson*).) In 2022, the trial court resentenced the defendant pursuant to section 1172.75 and reimposed the upper term even though the aggravating circumstances had not been proven according to section 1170, subdivision (b)'s evidentiary standards. (*Brannon-Thompson*, at pp. 462-463.) This court found that the plain language of section 1172.75, subdivision (d)(4) indicated the Legislature "intended the new burden of proof amendments to section 1170, subdivision (b) apply only if the trial court is imposing the upper term for the first time at a section 1172.75 resentencing." (*Brannon-Thompson,* at pp. 466-467.) As such, section 1172.75, subdivision (d)(4) creates "an exception to the general rule that the trial court must apply ameliorative changes in the law at a section 1172.75 resentencing." (*Brannon-Thompson*, at p. 467.)

To the extent the trial court here relied on this exception when it reimposed the upper term during the 2023 resentencing even though not all of the various aggravating factors had been proven according to section 1170, subdivision (b)'s evidentiary standards, it erred. Unlike *Brannon-Thompson*, defendant's case was on remand from this court for sentencing issues, including directions to strike the prior prison term enhancements, which the trial court did in December 2021 (or before section 1172.75 came into effect). (*People v. Hampton, supra*, C086081) [nonpub. opn.].) As such, when the trial court proceeded to resentence defendant in 2023, his sentence already lacked any enhancements imposed pursuant to former section 667.5, subdivision (b). Defendant accordingly was not eligible for resentencing under section 1172.75 in 2023, making the provision inapplicable. Instead, per *Lopez*, defendant was entitled to "the benefits of supervening ameliorative legislation," including the new evidentiary standards of section 1170, subdivision (b). Given that we cannot conclude beyond a reasonable doubt that a jury using that same standard would have found true all of the various aggravating factors

8

relied upon by the trial court when it reimposed the upper term in 2023, we will reverse and remand the matter for further proceedings consistent with *Lopez.* (*Wiley*, at p. 1087.)

## DISPOSITION

The trial court's resentencing order is vacated and the matter is remanded for further proceedings consistent with *Lopez.* The judgment is otherwise affirmed.

 

 

_____

HULL, Acting P. J.

We concur:

 

_____

ROBIE, J.

 

_____

KRAUSE, J.